## Case No. 16,825.

### VAN AMRINGE v. PEABODY et al.

### [1 Mason, 440.] [1]

Circuit Court, D. Massachusetts.    Oct. Term, 1818.

FACTORS AND BROKERS—PLEDGE OF GOODS—TROVER BY PRINCIPAL.

A factor cannot pledge the goods of his principal for his own debts; and if he does, the principal may, after a demand and refusal, maintain trover for them against the pawnee.

[Cited in Michigan State Bank v. Gardner, 15 Gray, 370; School Dist. No. 6 in Dresden v. Aetna Ins. Co., 62 Me. 337; Agnew v. Johnson, 22 Pa. St. 475.]

Trover for 1700 bushels of corn and four pipes of brandy. Plea, the general issue. The plaintiff [George O. Van Amringe] who resides in Philadelphia, in the course of the last spring consigned the goods in question, among others, to Messrs. Damon & Co. of Boston for sale. Messrs. Damon & Co. previous to the 11th of June last were indebted to the defendants [Jacob Peabody and others], who are auctioneers in Boston, in the sum of 1100 dollars, for which they had deposited with the defendants, as collateral security, a note signed by Messrs. Brent and Chapin, and being desirous of getting that note for the purpose of discounting it in the market to relieve them from embarrassments,

---

[1] [Reported by William P. Mason, Esq.]

under which they were laboring, they offered on that day to deposit with the defendants 1400 bushels of the plaintiff's corn in lieu of the note, which offer the defendants accepted, and the corn was delivered accordingly. On the 17th of the same June, Messrs. Damon & Co., being in distress for more money, applied to the defendants for an advance of $1000 on a deposit of the four pipes of brandy belonging to the plaintiff, to which the defendants agreed, and the brandy was delivered accordingly; and one of the partners of the firm of Damon & Co. signed a receipt, acknowledging the advance of $1000 on the brandy, as deposited for sale. On the 16th of July following, the price of brandy having declined, the defendants requested additional security for the debts due to them, and Messrs. Damon & Co. accordingly deposited with them 300 bushels more of the plaintiff's corn. At the time of the advance of the goods, Messrs. Damon & Co. verbally agreed to allow the defendants one per cent. per month upon that advance, and two and a half per cent. commissions for every sixty days the goods should remain. But as the parties did not at that time contemplate, that the goods would remain deposited longer than sixty days, it was supposed, that one commission only would grow due. But on the 16th of July, when the new security was taken, the verbal agreement was reduced to writing, and signed by Messrs. Damon & Co.; and in that they expressly stipulated to allow one per cent. per month, and two and a half per cent. commission as above stated. The defendants at the time of these several transactions, knew that Messrs. Damon & Co. were commission merchants, and that the goods deposited with them were consigned to Damon & Co. for sale. The plaintiff, at the time of his consignment of the brandy to Messrs Damon & Co., limited them to the sale price of three dollars and twenty-five cents; and they had no authority from the plaintiff to sell the goods at auction, or to procure any advances on them on the plaintiff's account; they had no authority to act as general agents of the plaintiff, but acted as consignees under his orders. The defendants sold the corn at private sale, with the consent of Messrs. Damon & Co., early in September; and the four pipes of brandy at public auction, at various times, before the middle of the same month, and received the whole amount of the proceeds of both sales. Messrs. Damon & Co. failed about the 11th of September; and the plaintiff made a demand of the corn and brandy of the defendants about the 28th of the same month.

A. Peabody, for defendants, contended, that the real transaction between the defendants and Messrs. Damon & Co., was a purchase of the corn and brandy; and that the goods were never, in fact, deposited as a pledge or as collateral security for the debt due to the defendants. That Messrs. Damon

& Co. were to be considered as the general agents, and not as limited agents of the plaintiff; and that the advance on the goods must be deemed to have been made on the plaintiff's account. That when the agent sells the goods of his principal, the buyer may deduct any debt due to him at the time of sale, which the agent agrees to deduct; and for this he cited Scott v. Surman, Willes, 400.

Mr. Hubbard, for plaintiff, on the contrary contended, that the facts in the case conclusively established, that this was a case of a pledge, and not a sale, of the goods to the defendants. That nothing was better established, than that a factor cannot legally pledge the goods of his principal for his own debts. That Messrs. Damon & Co. were not the general agents of the plaintiff; that they were mere factors in respect to these consignments, and bound to obey the orders of their principal. That the advance on the goods was never authorized by the plaintiff, nor the sale at public auction. That the agreement to allow one per cent. per month, and two and a half per cent. commissions, was grossly illegal; and it was impossible, that the plaintiff could be bound by the illegal acts of his consignees.

STORY, Circuit Justice. It is extremely difficult to find any foundation in the facts of this cause, on which to raise an argument, that the goods were sold, and not pledged, to the defendants. The whole current of the evidence is decidedly the other way. Then, as to the law, it is quite too late to doubt the doctrine, that a factor has no authority to pledge the goods of his principal for his own debts. If he does pledge them, the principal is entitled to recover them from the person in whose hands they are pledged. Here the goods have been sold, and the proceeds received by the defendants; and, in point of law, the sale was a tortious conversion, for which the defendants are responsible in this form of action. There are other difficulties in the way of the defendants which seem almost insurmountable. Messrs. Damon & Co. were not, in any correct sense, the general agents of the plaintiff; they were merely limited agents or factors, as to these particular consignments. They had no authority from their principal to pledge the goods, or to sell them at auction, or to procure advances on them, or to enter into any illegal or usurious contract on his account. Their whole proceedings, therefore, were unauthorized; and the defendants well knew, that they were acting, not for themselves, but as factors. Certainly, under such circumstances, the defendants cannot resist the plaintiff's claim for a full indemnification for the loss he sustained by their acts.

Verdict for the plaintiff for $2,299.35.

VAN ANTWERP (GOODYEAR DENTAL VULCANITE v.). See Case No. 5,600.