# Robinson *against* Stokely.

In trespass for an assault and battery, evidence of a consequential injury in the plaintiff's business as a glass blower, if it has not been laid in the declaration, is inadmissible.

Proof of the fact that that business is severe upon the eyes, on one of which the plaintiff received a blow, is not evidence of such consequential injury, but merely irrelevant.

ERROR to the common pleas of *Alleghany* county.

This was an action of trespass *vi et armis* brought by Stokely, who was plaintiff below, against the plaintiff in error. The *narr.* set forth, generally, that the defendant below, Robinson, had committed an assault and battery on the plaintiff. On the trial the plaintiff produced several witnesses who testified to the fact of an assault and battery, and as to the extent of the injury inflicted.

Henry Whitehouse was then offered by the plaintiff as a witness, for the purpose of showing special damage sustained by the plaintiff in his business as a glass blower, in consequence of a blow received by him from the defendant upon the eye, the witness testifying that the business of glass blowing is particularly severe upon the eyes. The defendant's counsel objected to this testimony. The objection was overruled, and exception taken.

Error was assigned to the admission of this testimony.

[Robinson v. Stokely.]

*Dallas* and *Fetterman,* for plaintiff in error, contended that evidence of special damages was not admissible without an averment of such damages in the declaration. 1 *Chitt. Pl.* 442 ; Monell *v.* Colden, 13 *Johns.* 403 ; Deforest *v.* Leete, 16 *Johns.* 122 ; 2 *Phill. Ev.* 145 ; *Peake's N. P.* 46.

*Burke,* for defendant in error.

The only evidence was, that glass blowing was injurious to the eyes. Obviously probable consequences may be given in evidence, 3 *Stark. Ev.* 1450, *note* 1, although remote consequences may not. Avery *v.* Ray et al., 1 *Mass.* 12 ; Sampson *v.* Coy, 15 *Ibid.* 493 ; Free School *v.* Bruce, 1 *Harris & M'H.* 510.

PER CURIAM.—There would have been undoubted error, if the evidence proposed had been given ; for a loss from a battery which is not a part of the original injury, but arises consequently and in part from circumstances unconnected with the battery, is waived, if not specially laid ; and, therefore, the plaintiff could not be permitted to prove a consequential injury in his business of a glass blower. But no such evidence was given, the witness proving no more than the abstract fact, that glass blowing is particularly severe on the eyes. It may be so without being more detrimental to one who, in the course of his life, has had a blow on his eye, than to one who has not. The proof, therefore, had no necessary connection with the plaintiff's case; and to say the most, it was irrelevant, but that has not been made a ground of objection here. The assignment is therefore not sustained in point of fact.

Judgment affirmed.