GORMELY vs. THE GYMNASTIC ASSOCIATION OF THE SOUTH SIDE OF MILWAUKEE.

*August 31 — September 19, 1882.*

PLEADING: ACTION. *(1) Complaint construed. In tort or upon contract?*

FALSE REPRESENTATIONS, *as to matter of law not actionable.*

1. The complaint in this case is *held*, under the rule established in *Supervisors v. Decker*, 30 Wis., 624, to have been intended to set out a cause of action in tort for false and fraudulent representations, and not a cause of action simply on contract. So construed, the complaint is insufficient, the false representations complained of being as to a matter of law.

2. A false or mistaken representation of what the law is upon an admitted state of facts, is no basis of an action, especially where there are no confidential relations between the parties.

APPEAL from the Circuit Court for *Milwaukee* County. The case is thus stated by Mr. Justice TAYLOR:

"This is an appeal by the plaintiff from an order sustaining a demurrer to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action. The substance of the complaint is that the defendant was the owner of a hall in the city of Milwaukee known as the 'South Side Turner Hall;' that such hall contained a bar room and fixtures suitable for carrying on a retail traffic in liquors, cigars, and tobacco, and was suitable for and often rented to divers persons by the defendant for the purpose of parties and balls; that in or about the month of November, 1881, the defendant was desirous of leasing said hall to the plaintiff, and for the purpose of inducing the plaintiff to lease from the defendant said hall, bar, and fixtures, the said defendant, 'wrongfully, wilfully, and injuriously contriving and intending to deceive, defraud, and injure the said plaintiff in that behalf, falsely, fraudulently, and deceitfully represented and asserted to the plaintiff that such defendant had the right and privilege to sell liquors, tobacco, and cigars, and to

carry on the business of a retail liquor dealer and of a dealer in cigars at its said hall, and the right to permit and allow the plaintiff under its said right lawfully to carry on the business of a retail liquor dealer and dealer in cigars during his occupancy of its hall and bar, and at the same time offered and agreed to lease to the plaintiff the said hall, bar, and license and privilege of a retail liquor dealer and dealer in cigars and tobacco, for one night at and for the sum of $40 as rent therefor, and do all things necessary and required by law to be done and performed in order that the plaintiff might carry on said business at said hall and bar during his occupancy thereof.'

" The complaint further alleges that the plaintiff, relying upon such representations, offer, and agreement, did accept said offer and agreement, and hire and lease said hall and bar, and the right and privilege to sell and vend liquors and cigars therein for one night, for the purpose of a ball, and did occupy the same one night for that purpose, and paid the defendant $40 for the use and occupancy of said hall, bar, and fixtures, and the privilege and license of a retail liquor dealer, etc. It then alleges that the defendant had in fact no license from the United States as a dealer in liquor and cigars, and no right to sell either liquor or cigars, or to give any right to the plaintiff so to do, and had no license from the city of Milwaukee for the sale of liquors or beer, as required by law, and that this fact was well known to the defendant at the time of making the representations mentioned, and that it knew the representations were false; and further alleges that by reason of defendant having no license and no right to permit plaintiff to sell liquor at defendant's bar, and by reason of defendant's failure, neglect, and omission to perform all things required to be done by said offer and agreement, the plaintiff was afterwards arrested for a violation of the laws of the United States, for selling liquor, beer, and cigars without having a license therefor, etc.; that

he was subjected to an examination on such charge, held to bail, compelled to pay a fine of $12.50 as a special tax as a retail dealer in liquors, tobacco, and cigars, for the sale of liquors and cigars at the defendant's hall, while so used and occupied by the plaintiff; that he was compelled to pay $26.30 costs of the proceedings against him; that he suffered damages by loss of time $14, and further claims damages for the indignity suffered by him in being arrested and taken through the streets of the city, while under arrest, etc., in the sum of $1,000; and prays judgment for the sum of $1,062.80."

The cause was submitted on the brief of *T. O'Meara*, with *R. K. Adams*, of counsel, for the appellant, and that of *Jenkins, Elliott & Winkler*, for the respondent.

TAYLOR, J. We think, under the rules established by this court in *Supervisors of Kewaunee County v. Decker*, 30 Wis., 624, we must hold this complaint was intended to set out a cause of action in tort, for false and fraudulent representations made on the part of the respondent, by reason of which the appellant was induced to make the agreement to lease the respondent's hall and sell liquors, tobacco, and cigars therein without a license to do so, by reason of which he suffered damages in the manner stated in the complaint. It cannot fairly be construed to set out a cause of action simply on contract. If the appellant relied on the mere promise of the respondent that it would, in case he leased the hall, do all things necessary to authorize the appellant to retail liquor, tobacco, and cigars at the bar in the hall during the time he leased the same, upon the breach of such contract in not furnishing him the license to do so, he would not be at liberty to go on and violate the laws of the state and of the United States by selling without a license and then charge the respondent with the damages which resulted to him from such violation of law. His damages for such a breach of contract,

AUGUST TERM, 1882. 353

Gormely vs. The Gymnastic Association of the South Side of Milwaukee.

if there was or could be any, would either b e the cost of the license which it would be his duty to obtain for himself if he desired to retail such liquors, tobacco, and cigars, or to abstain from selling them and charge the respondent with damage for the loss of profits which he would have made had the respondent furnished the proper license to do the business.

As an action of tort it seems to us very clear the complaint is insufficient. The substance of the charges of fraud and deceit are that the respondent said he had the right and privilege of a retail liquor dealer, etc., to sell such liquors, etc., at the bar in said hall, and that if appellant leased the hall he would have the right to retail such liquors, etc., at the bar in the said hall during his occupancy thereof, without himself procuring a license from the government of the United States, or of this state. The false charge is simply that the respondent said, "If you lease the hall you can retail liquors, etc., at the bar," under and by virtue of a license or licenses which the respondent held from the United States and from the city of Milwaukee. The fact, therefore, whether the respondent had a license from the United States, or from the city of Milwaukee, or from both, was entirely immaterial, as such fact would not have given the appellant a right to retail liquor, etc., at the bar of the hall in case he leased the same. See R. S. of U. S., § 3232. The appellant was just as much bound to know that the license of the respondent would not protect him in the sale of liquors, etc., as the respondent was. It was a question of law whether such licenses would protect the appellant, and a false or mistaken representation as to what the law is upon an admitted state of facts is no basis of an action, especially where there are no confidential relations between the parties. This rule of law is too well settled to need discussion. Cooley on Torts, 485, 486, and cases cited in note; 3 Wait's Act. & Def., 434, § 5, and cases cited.

The allegation that the representation as a representation of fact was false because the respondent did not in fact have a license to retail liquors, etc., is, as we have seen, wholly immaterial, for the reason, that if it had been true it would not have protected the appellant from the consequence which followed.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings according to law.