## Martachowski *v.* Orawitz.

*Trespass—Cause of action—Fraudulent representation.*

Where plaintiff avers that he parted with money to defendant for the purchase of a liquor license which defendant falsely represented that he owned, and which he promised to transfer, by reason of which plaintiff suffered loss and damage, the allegation is sufficient to support an action in trespass for false representation.

*Breach of contract—Fraudulent representation—Measure of damages.*

Where plaintiff purchased from defendant a certain lease, barroom fixtures and a liquor license, the last of which defendant did not own, the measure of damages would be the difference between the value of what plaintiff was to receive under the contract and the value of what he did receive.

*Pleading—Evidence introducing new cause of action.*

The statement alleging false representation as to ownership of a license, the proposed transfer of which was the inducing consideration moving plaintiff to part with money in purchase of a license and a lease and fittings, etc., of a barroom, it was error to permit plaintiff to show that he sold liquor without a license and had been convicted and sentenced therefor. Such evidence introduced a new cause of action and was therefore inadmissible under the pleadings. They were not the necessary consequence of the wrongful act.

*Measure of damages—Cause of action based on illegal act.*

A party may, because he has been fraudulently misled, be relieved from the legal effects of a lawful contract, but in no case can he recover damages where he must found his claim in his own violation of a criminal statute.

Argued Jan. 11, 1898.    Reargued Jan. 9, 1899.    Appeal, No. 1, Jan. T., 1898, by defendant in suit of Joseph Martachow-

ski, against Frank Orawitz, from judgment of C. P. Luzerne County, Feb. T., 1893, No. 184, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Reversed. Opinion by W. D. PORTER, J.

Trespass. Before WOODWARD, P. J.

The material facts appear in the opinion of the court.

At the trial the court admitted in evidence the record showing the conviction and imprisonment of plaintiff for selling liquor without a license.

The court charged the jury, inter alia, as follows:

[We say to you that if the plaintiff and his witnesses have stated the truth, the whole truth of the case and nothing but the truth, he is in our judgment entitled to a verdict at your hands for such damages as he has suffered.] [2] . . . .

[If that be the truth of the case and the whole truth he will be entitled to recover such damages as you think proper.] [3] . . . .

[If you decide to find for the plaintiff we instruct you briefly as to the measure of damages: that, in the first place, there is no fixed, unbending rule on this subject; that depends largely on the discretion of the jury enlightened as they have been by the testimony in the case. The fundamental idea of damages in such cases is compensation to make the party whole—to do him justice under all the circumstances of the case; it is to compensate him for what he has suffered in all the ways in which he has suffered. If you find for the plaintiff of course you will say in what sum.] [4]

[The rule of law in cases similar to the one now on trial is to some extent a modification of the general principle or maxim to which I call your attention, and the rule is this, as we understand it to be: if a party who himself knows the law should deceive another by misrepresenting the law to him, or knowing him to be ignorant of it should take advantage of it, relief will be granted on the ground of fraud, and such a case is not within the rule or maxim, that ignorance of the law excuses no one.] [5]

Verdict and judgment for plaintiff for $877.50. Defendant appealed.

*Errors assigned* among others were (1) to ruling on evidence. (2–5) To portions of the judge's charge, reciting same. (8) Refusal of binding instructions in favor of defendant.

*Geo. H. Troutman* and *John T. Lenahan*, for appellant.— Special damages are required to be stated in the declaration for notice to the defendant and to prevent surprise at the trial. Where the action is for the conversion or destruction of property or any tortious act or omission involving its loss, the law infers an injury measured by its value, and the injured party may recover by that standard under the general averment of damage. But if he is entitled to recover other damages, they are special and exceptional, arising from peculiar circumstances which must be alleged and proved: 1 Sutherland on Damages, secs. 419, 420. See also 3 Sedgwick, sec. 1261; Robinson v. Stokely, 3 Watts, 270; and Laing v. Colder, 8 Pa. 479.

If the language of the court, taken in connection with the circumstances of the case, may have misled the jury as to the law, or if the tendency of the charge was to mislead them, it is ground for reversal, though there was no request to charge upon any particular point: Bisbing v. Bank, 93 Pa. 79; Norton v. Lehn, 2 Penny. 297.

As to the fifth assignment of error, while the learned judge recognized the general principle that ignorance of the law excuses no one, he made an exception to this rule not warranted by the facts in this case.

In Rankin v. Mortimere, 7 Watts, 372, Mr. Justice ROGERS says: " It is an unquestionable principle, which applies to civil as well as criminal cases, that ignorance of the law will not furnish an excuse for any person, either for a breach or omission of duty. Ignorantia legis neminem excusat is a maxim which is as much respected in equity as in law. This doctrine is among the settled elements of the law, for every man, at his peril, is bound to take notice of what the law is, as well the law made by statute as the common law.

This declaration of the law is followed in Good v. Herr, 7 W. & S. 253, and M'Aninch v. Laughlin, 13 Pa. 371.

Wherever the law imposes a penalty for making a contract it impliedly forbids parties from making such a contract, and when a contract is prohibited, whether expressly or by implica-

tion, it is illegal and cannot be enforced.  Of this there is no doubt: Holt v. Green, 73 Pa. 198.

The test whether a demand connected with an illegal transaction is capable of being enforced by law, is whether the plaintiff requires the aid of the illegal transaction to establish his case: Swan v. Scot, 11 S. & R. 155; Thomas v. Brady, 10 Pa. 164; Scott v. Duffy, 14 Pa. 18.  If the plaintiff cannot open his case without showing that he has broken the law, a court will not assist him.

*B. McManus* and *John McGahren*, for appellee.—If the declaration did not set forth a legal cause of action the defendant might have demurred to it; if the averments contained in it were not sufficiently definite and specific, he might have asked for a bill of particulars under our rule of court, or he might have obtained a rule upon the defendant to file a more specific statement: Bradley v. Potts, 155 Pa. 418; Dow v. Williams, 4 Pa. Dist. Rep. 659.

While in such action it may be more regular to set out such elements of damages in the narr., yet where the cause has been tried properly on its merits, a reversal will not be ordered because of the absence of such averments: Hawes v. O'Reilly, 126 Pa. 440.

The plaintiff is not required to set out specifically or in detail the elements or grounds of the damages which he seeks to recover, but only the substantial facts necessary to constitute a cause of action: Prentiss v. Barnes, 88 Mass. 510.

It was perfectly legitimate for the plaintiff to prove such acts and matters in support of his case as were the legal and natural consequences of the injury done.  Matters that naturally arise from the act complained of may be given in evidence: 5 Am. & Eng. Ency. of Law, 357; Chitty on Pleading, 412*.

We did offer evidence of special damage on the trial, to wit: that after the plaintiff was sent to prison, the defendant evicted his family, and converted to his own use all the personal property which the plaintiff had bought and paid for, and obtained $35.00 from his wife with which he promised to secure his release and freedom and never used it for said purpose and never intended to.  This evidence was excluded by the court, and the plaintiff was rigidly restricted to simple proof of his con-

viction and imprisonment, without anything more : Ward v. Smith, 11 Price (Eng.), 19.

The doctrine of this case was fully affirmed by the Supreme Court of the United States in the case of Roberts v. Graham, 73 U. S. 578.

Tested by this elementary principle, we think the charge of the learned judge on the measure of damages was correct and adequate in every particular.   The very nature of the case was not susceptible of a more explicit or conservative statement of the law.   It has been decided by our Supreme Court, in many cases, that the general rule for the measure of damages in cases of tort may be said to be that which aims at actual compensation for the injury, and whatever ascertains this is proper evidence to be submitted to the jury : Seely v. Alden, 61 Pa. 302 ; McKnight v. Ratcliff, 44 Pa. 156 ; Forsyth v. Palmer, 14 Pa. 98.

While the weight of authority is clearly against granting relief merely on account of a mistake of the law, it seems to be conceded in nearly all the cases and expressly decided in many of them that there are exceptions to this rule : Hunt v. Rousmaniere, 26 U. S. 1 ; Bank of United States v. Daniel, 37 U. S. 32.

And in Matlock v. Todd, 19 Ind. 131, it was decided " that a contract might be set aside for fraudulent misrepresentations, though the means of obtaining information were fully opened to the party deceived, where from the circumstances he was induced to rely upon the other party's information."

OPINION BY W. D. PORTER, J., July 26, 1900 :

This action is in trespass and the plaintiff's statement contains all the elements essential to an action on the case for deceit.   The plaintiff's statement sets forth that the defendant " unlawfully, fraudulently and deceitfully did represent and state to the said plaintiff that he, the said defendant, had a license, duly granted to him by the court of quarter sessions of Luzerne county, for the sale of liquors, etc., by retail in a house which he claimed to own in the Diamond Edition of Hazelton, in said county, which said license would not expire until the 1st day of April, 1898.   And that if the said plaintiff would pay him, the said defendant, the sum of $70.00 for said

license, and the sum of $321.85 for barroom fixtures, liquors, wines and other stock in said house, including wagons, harness, sleigh and horse upon the premises mentioned in connection with said house, he would transfer the said license to him in due form of law. That the said plaintiff, relying upon the promises, assurances and stipulations of the said defendant, made as aforesaid, paid to the said defendant the sum of $391.85, demanded as the consideration for the transfer of said license and sale of said property. The plaintiff further declares that the said defendant did not have any license granted to him for said house during said year, as he well knew, and by reason of his misrepresentations and deceit and the violation of his agreement to transfer said license, the plaintiff was induced to part with his money, as aforesaid, and sustained great loss and damage in the sum of one thousand dollars." The allegation that the defendant agreed to transfer the license is but an averment of a promise to do something in the future, and the failure of the defendant to perform that promise would not be sufficient to support an action for deceit. The averment that the defendant represented that he had a license, however, was a representation as to an existing fact, and as it is averred that the defendant parted with his money upon the faith of that representation, which the defendant knew to be false, and as it is averred that the representations with regard to the license and the agreement for the sale of the chattels constituted but one transaction and were dependent upon each other, the allegations are sufficient to support the action in its present form. The statement on demurrer must have been adjudged sufficient. The defendant after a trial upon the merits cannot object to the statement upon the ground that the matters therein set forth are not stated with technical accuracy, nor that upon the averments thereof the action ought to have been brought in another form : Commonwealth v. Press Co., Ltd., 156 Pa. 516 ; Eckert v. Schoch, 155 Pa. 530. When the defendant went to trial the statement gave him notice of the wrongs, acts or omissions with which he was by the plaintiff charged, but he was not called upon to be prepared to answer allegations of other wrongs or misrepresentations which were not in the statement set forth.

The only misrepresentation of which the statement charges the defendant to have been guilty was that he had a license

duly granted by the court of quarter sessions for the sale of
liquors by retail in a certain house.    The plaintiff, relying upon
this agreement and the promise of the defendant to transfer the
license, paid $70.00 for the license and $321.85 for the barroom
fixtures and other chattels.    The allegation of the injury to
the plaintiff was clearly defined.    " The plaintiff further
declares that the said defendant did not have any license
granted to him for said house during said year, as he well
knew, and by reason of his misrepresentations and deceit, and
the violation of his agreement to transfer said license, the
plaintiff was induced to part with his money, as aforesaid, and
sustained great loss and damage to the sum of one thousand
dollars," etc.    Conceding all the averments of this statement
to be established by evidence, the measure of damages would
be the difference between the value of what the plaintiff was
to receive under the contract, and the value of what he really
did  receive :  Stetson  v.  Croskey,  52  Pa.  230.    The wrong
was distinctly charged and the damage as charged was capable
of being measured by a recognized standard.

     The pleadings being in this condition at the trial, the learned
court  below  permitted  the  plaintiff, against  the  objection  of
defendant, to prove that he had in this house sold liquors with-
out a license ; that he had, in regular order, been indicted for
that offense ; that he had entered a plea of guilty, and that he
had, as required by law, been sentenced to jail and fined, hav-
ing remained a prisoner six months.    Because of the admission
of this evidence we have the first specification of error.    That
this  evidence  was  not  admissible  under  the  pleadings  seems
clear.    If  the defendant  had  done  or  omitted  to do anything
which  might  have  naturally  and  necessarily  led  to  the  im-
prisonment  of  the  plaintiff,  that  act  or  omission  ought  to  have
been  charged  in  the  statement.    1  Chitty's  Pleading,  16th
Am. ed., 398.    The misrepresentation with which the defendant
was charged could have affected only the estate of the plaintiff ; ·
its only result could have been to deprive him of property, or
disappoint him in profits.    The  evidence  admitted  under  this
bill  of  exceptions  introduced  a  new  cause  of  action,  which  it
was attempted to found upon representations made a consider-
able time after the plaintiff had paid his money.    The testimony
upon this branch of the  case  was  all  taken  under  exception,

but the defendant has only assigned for error the admission of this culminating offer. All of this testimony ought to have been rejected, for the reason that it was calling upon the defendant to answer for a wrong with which he had not been charged in the statement. That injuries of the character which this evidence tended to establish were not admissible under the general allegation of damages contained in the statement is well settled. "When the damages sustained have not naturally and necessarily accrued from the act complained of, and consequently are not implied by law, then, in order to prevent surprise on the defendant which might otherwise ensue on the trial, the plaintiff must, in general, state the particular damage which he has sustained, or he will not be permitted to give evidence of it:" 1 Chitty's Pleading, 411. The imprisonment of the plaintiff was neither the natural nor necessary consequence of the act complained of in the statement, and the plaintiff having failed to specially aver that element of damage, the evidence by which is was sought to be established ought to have been rejected: Robinson v. Stokely, 3 Watts, 270; Agnew v. Johnson, 22 Pa. 471; Stanfield v. Phillips, 78 Pa. 73; Laing v. Colder, 8 Pa. 479; Good v. Mylin, 8 Pa. 51. Where the wrong charged in the statement, by the operation of natural laws, necessarily produces a certain result it is not always essential that such result be specially averred. If it be averred that the defendant has diverted a stream so that it no longer flows through the lands of the plaintiff, it naturally and necessarily follows that the water is lost to the land, and, in order to furnish the jury data from which they may estimate the real damage, it is competent to prove the cost of obtaining water from other sources during the continuance of the wrong: Hart v. Evans, 8 Pa. 13. "In an action for trespass for destroying a mill-dam (not merely a dam which may be for other purposes), the stoppage of the mills supplied by this means with water power seems to fall within the description of such a damage as naturally or necessarily results from the act:" Spigelmoyer v. Walter, 3 W. & S. 540. When in an action of trespass vi et armis for assault and battery, it is charged that the plaintiff's leg was broken by the assailant, the expense of medical aid and nursing and the loss of employment follow as natural and necessary

consequences.   A man with a broken leg cannot work, and it is the universal experience that he must have a doctor and will require nursing:   Hawes v. O'Reilly, 126 Pa. 440.   Special damages must be specially averred; they are the natural but not necessary consequences of the wrongful act:  1 Sutherland on Damages, 763.   The learned court below was of opinion that the evidence was admissible for the reason that the plaintiff was "an illiterate man," who, possibly, might not understand the law.   The want of knowledge upon the part of the plaintiff could not, however, change the rules of pleading under which his case must be presented.   The law presumes that all men are acquainted with its provisions.  If, under any circumstances, a man is to be relieved from the consequences of his mistake of law, it is incumbent upon him to aver and prove that he was ignorant of the law, and that he was misled as to the legal effect of the contract into which he was about to enter.

The admissibility of this evidence, however, involves more than the mere question of pleading.   Without regard to the averments of the statement, the evidence ought to have been excluded.   The evidence was presented and admitted upon the theory that if the plaintiff had been led by the defendant into a mistake of law, he was entitled to recover damages for the injury which he suffered because of the course of action into which he was led by that mistake.   The general principle that every one is conclusively presumed to know the law is not without its exceptions.   Where in the making of a contract there has been a mutual mistake, or where one who knows the law and knows another to be ignorant thereof fraudulently misleads him as to the legal effect of a contract, or where one who is shown to have been ignorant of the law is misled by another with whom he stands in a confidential relation, equity may give relief.   In such cases he who has apparently acquired legal rights through his own fraud will not be permitted to assert them, and the misrepresentations must be made good: Rankin v. Mortimere, 7 Watts, 372; Tyson v. Passmore, 2 Pa. 122; Light v. Light, 21 Pa. 407; Gross v. Leber, 47 Pa. 520; Whelen's Appeal, 70 Pa. 410; McAninch v. Laughlin, 13 Pa. 371.   The effect of this principle as applied to the present case, even if the representations by the defendant, testified to

by the plaintiff but not averred in the statement, be conceded as true, would be to require the defendant to make good to the plaintiff the loss which the latter suffered through the failure to obtain under the contract the right to sell liquors. Not one step farther than this will the doctrine upon which the cases above cited are founded permit us to go. The rule of law which is fatal to the plaintiff's demand for damages because of his imprisonment is entirely distinct from the principles above cited upon which the learned court below relied.

A party may, because he has been fraudulently misled, be relieved from the legal effects of a lawful contract, but in no case can he recover damages where he must found his claim in his own violation of a criminal statute. The objection to a claim founded in the transgression of a positive law of the state may be asserted by the defendant with bad grace, but it must be allowed. It is enforced, not for his sake, but because it is founded in general principles of public policy, of which the advantage to the defendant is incidental. "No court will lend its aid to a man who founds his cause of action upon an immoral or illegal act." "If the cause of action appears to arise ex turpi causa, or the transgression of a positive law of this country, there, the court says, he has no right to be assisted. It is upon this ground the court goes, not for the sake of the defendant, but because they will not lend their aid to such a plaintiff." This plaintiff was convicted upon his own plea of guilty, and no question can arise as to the justice of his imprisonment. If the defendant had procured the conviction of the plaintiff upon perjured testimony, through the bribery of jurors, or the corruption of justice in any other manner, an entirely different question would have been presented. In his attempt to connect his imprisonment with the alleged deceit practiced by the defendant, it was necessary for the plaintiff to show that he had actually sold liquors in violation of law, that he had been convicted in a court of competent jurisdiction, and that he had justly been imprisoned under the law of the state. The rule of law must be enforced whether the action is in assumpsit or trespass; whether upon a contract forbidden by law, or for damages resulting from an act of the plaintiff which involved a crime. In this state there is no distinction, in the application of this rule, between contracts or acts which

are mala prohibita or mala in se: Coulon v. Morton, 4 Yeates, 24; Mitchell v. Smith, 1 Binney, 110; Scott v. Duffy, 14 Pa. 18; Seidenbender v. Charles, 4 S. & R. 151; Unger v. Boas, 13 Pa. 601; Fowler v. Scully, 72 Pa. 457; Holt v. Green, 73 Pa. 198; Thorne v. Insurance Company, 80 Pa. 15; Cooley on Torts, 485, 486, and cases cited in note. This doctrine was sustained by the Supreme Court of Wisconsin in a case in which the facts were almost identical with those upon which we are called upon to pass in this proceeding: Gormely v. Gymnastic Association, 55 Wis. 350. The evidence as to plaintiff's conviction and imprisonment was immaterial and incompetent and ought to have been excluded. The first specification of error is sustained.

Having admitted the evidence of plaintiff's violation of the law and his imprisonment as a consequence, the court naturally fell into error in instructing the jury as to the measure of damages in case of a finding in favor of the plaintiff. While the instruction complained of incidentally suggested to the jury that the fundamental idea of damages in such cases was compensation, the whole tenor of the instruction was such as to lead the jury to believe that the amount of damages rested entirely in their discretion, and that there was no element thereof which was to be determined in accordance with any fixed principle of law. It is barely possible that if the wrongs for which the plaintiff sought to recover damages had affected his person or reputation alone, the instructions might have been held to be proper. But this plaintiff was claiming damages for an injury to his rights of property, and, no matter what else may have been involved in the case, the damages to such rights of property were to be ascertained according to well recognized rules. When a vendor sells property, or the right to exercise a privilege, with a fraudulent representation of ownership, his vendee may recover damages for the deceit according to the measure applicable to a breach of an express warranty. Let it be conceded that the plaintiff had sufficiently averred in his statement and established by evidence that the defendant had represented himself to be the owner of a license, which he agreed to transfer; or, further, that plaintiff had averred and proved that defendant had represented that the contract into which the parties had entered vested in the plaintiff a right to sell liquors at the

house in question, and that the representation was false. The right of property, or privilege, which the plaintiff was led to believe that he was acquiring, but failed to obtain, was the right to sell liquors during the unexpired period of the license year. The measure of damages for the loss of this property right was the difference between the value of the bar fixtures and the lease of the house without a license, and the value of the same chattels and lease, together with the privilege conferred by a license to sell liquors during the unexpired portion of the year: Stetson v. Croskey, supra; City Iron Works v. Barber, 102 Pa. 156; Himes v. Kiehl, 154 Pa. 190; Cole v. High, 173 Pa. 590; 1 Sutherland on Damages, section 14. The purpose of the contract was to secure the plaintiff a privilege not purchasable in any market, and the loss of profits or advantages which must have resulted from the fulfillment of the contract, being the direct and immediate fruits of the contract, must be presumed to have been stipulated for, and to have been within the contemplation of the parties when the contract was made. The loss of profits or advantages, which must have resulted from the fulfillment of the contract, was, therefore, proper to be considered by the jury in determining the difference between the value of the rights which were represented to pass under the contract, and the value of the rights which really did pass thereunder: Adams Express Company v. Egbert, 36 Pa. 360; Pittsburg Coal Company v. Foster, 59 Pa. 365; Low v. Craig, 8 Pa. Superior Ct. 622; Gormely v. Gymnastic Association, 55 Wis. 350. The failure to explain this well established rule, which was certainly applicable to plaintiff's claim for damages because of the loss of the right to a license, left the amount of damages to the caprice of the jury. In this there was error: City Iron Works v. Barber, supra; Himes v. Kiehl, supra; Cole v. High, supra; McHugh v. Schlosser, 159 Pa. 480; 4 P. & L. Dig. of Dec. 6453. But under the pleadings the plaintiff was not entitled to recover for his imprisonment as an element of the damages. Nor would it have been proper for the court at the time of the trial to have permitted an amendment averring misrepresentations, of which the imprisonment was a natural consequence. Such an amendment would have been to introduce a new and substantive cause of action, to which a different measure of damages appertained,

after the statute of limitations had run: City Iron Works v. Barber, supra. The plaintiff was not entitled to recover compensation for the imprisonment which had resulted from his own violation of law. He had produced no evidence which in any way tended to show the difference between the value of the property and privileges which he alleged that the defendant had represented to pass under the contract, and the value of what did actually pass. The only definite evidence as to damage sustained by the plaintiff was that he had paid $70.00 for a license which the defendant had falsely represented that he owned. The second, third and fourth specifications of error are sustained.

The language of the charge complained of in the fifth specification of error is, as a statement of an abstract principle of law, undoubtedly sound. We have held, however, in disposing of the first assignment of error that this principle does not apply to a case in which the plaintiff must found his claim in his own violation of a statute which makes his act punishable by a fine and imprisonment. The learned court ought to have instructed the jury that the plaintiff could not recover damages for the injury resulting from his conviction of a crime, of which he was guilty, and the punishment which was inflicted upon him in accordance with law.

The sixth, seventh and eighth assignments of error are not well founded. The agreement to transfer the license was not in itself a violation of law. If the defendant agreed to transfer or assign to plaintiff his rights under a license which he himself did not hold, he cannot escape the consequences of his fraud and retain the money received by his own deceit, by asserting that the court would not in any event have had jurisdiction to issue a license to the plaintiff. So far as the injury to his rights of property was concerned, the plaintiff presented a case free from the taint of illegality, and was entitled to damages if the jury believed that he had been fraudulently deceived. In the making of the contract no illegal intent had been carried into execution. "The law does not impose, as a penalty for such intent, immunity to him who has plundered one guilty of it. The illegal intention must be accompained by an act which is criminal or prohibited by law, in order to make the transaction illegal:" Smith v. Blachley, 188 Pa. 550. The plaintiff pro-

duced evidence from which the jury would have been warranted in finding that the defendant had falsely represented to the plaintiff that he was the owner of a license, and that upon the faith of that representation the plaintiff had paid $70.00 to the defendant, who, in consideration thereof, agreed to transfer the license to the plaintiff. If the jury believed this testimony the plaintiff was entitled to recover at least the amount of money that he had paid. The refusal of the learned court to withdraw the case from the consideration of the jury was free from error.

Judgment reversed and venire facias de novo awarded.