## Hawkins *v.* West Side Electric Street Railway Company, Appellant.

*Railroads—Eminent domain—Damages—Delay.*

Where a railroad company takes land under the right of eminent domain, the company is immediately liable for the damages occasioned by such appropriation, and if there is any delay in payment, the landowner is prima facie entitled to damages for such delay unless that right is defeated by some act of his own; but to entitle a recovery for damages for delay, it must appear in the evidence that there was in fact delay.

In such a case it is reversible error for the court to instruct the jury that they may allow damages for delay where there is no evidence whatever indicating when the land was taken, or when the railroad was built, or any evidence of delay.

Argued April 18, 1916.   Appeals, Nos. 131 and 132, April T., 1916, by defendant, from judgments of C. P. Washington Co., Aug. T., 1914, Nos. 129 and 130, on verdict for plaintiffs in cases of Josephine Hawkins, et al., v. West Side Electric Street Railway Co. and Melvina Ross, et al., v. West Side Electric Street Railway Company.   Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Appeal from award of jury of view.

The record showed that the award of the jury of view was for $700.

The court charged in part as follows:

[" 'What is the fair compensation that these landowners should receive from this railroad for the land taken

and any injury that might be done to their farm, taken as a whole,' and that sum, with any further increase you might add to it for any delay that there may have been in paying this damage which was due when the injury was done,—provided that delay was not brought about by the unreasonable demands of, or otherwise by the plaintiffs,—will be the amount of your verdict if you find for the plaintiffs?"]

Verdict and judgment for plaintiffs for $1,000. Defendant appealed.

*Error assigned* was the charge of the court as above quoting it.

*David M. McCloskey,* for appellant.

*Andrew M. Linn,* for appellee.

OPINION BY KEPHART, J., July 18, 1916:

Where a railway company takes land under the right of eminent domain, the company is immediately liable for the damages occasioned by such appropriation, and if there is any delay in payment, the landowner is prima facie entitled to damages for such delay unless that right is defeated by some act of his own: Wayne v. Railroad Co., 231 Pa. 515. To entitle the landowner to recover damages for delay, it must appear in the evidence that there was in fact delay. The damages are given not as a penalty for failure to make an immediate settlement, but for what the use of the money was worth during the time it was withheld. The condemning company cannot take the land and at the same time have the use of the money it owes and escape paying for such use. It is therefore important that the time when the land was taken be fixed with such certainty that the jury may have some guide by which to assess this damage. In the case at bar there is not one particle of evidence indicating when this land was taken, nor when the railway was

built, nor any evidence of delay. Time is a material and essential element in fixing this damage, and with that element out of the testimony, the plaintiff would not be entitled to damages for delay. Any damage awarded under the instructions of the court would have been a mere guess or fixed as a penalty for failure to pay, regardless of the time the money was withheld. The difference between the amount of the viewers' award and the jury's verdict indicates a radical error somewhere in the estimate of value. We cannot treat this portion of the charge as a harmless error. The instructions cover an important phase of the question of damages, and the facts should be of record to sustain the charge: McHugh v. Schlosser, 159 Pa. 480; O'Reilly v. Monongahela St. Rwy. Co., 17 Pa. Superior Ct. 626; Martachowski v. Orawitz, 14 Pa. Superior Ct. 175; Himes, et al., v. Kiehl, et al., 154 Pa. 190; Erie City Iron Works v. Barber, 102 Pa. 156.

The objections to the other portions of the charge are without merit. The judgment is reversed and a venire facias de novo awarded.