Ad. Dernehl & Sons Company, Appellant, vs. Detert, Respondent.

*January 15—February 10, 1925.*

*Sales: False representations by seller: As to matters of law: Statement that alcoholic beverage could be legally sold.*

In an action for the value of goods purchased to be sold as a beverage and which contained an unlawful percentage of alcohol, a counterclaim for 'damages caused by defendant's arrest, on the basis of misrepresentation by plaintiff as to defendant's right to sell the goods, is demurrable, being misrepresentations as to the law and not of fact, and defendant being charged with knowledge of the law and that no authority to sell as represented by plaintiff could be granted by state or federal authorities.

Appeal from an order of the circuit court for Jefferson county: George Grimm, Circuit Judge. *Reversed.*

For the appellant the cause was submitted on the brief of *Mistele & Smith* of Jefferson, attorneys, and *Orth & Orth* of Milwaukee, of counsel.

For the respondent there was a brief by *Hall, Baker & Hall* of Madison and *James D. Hyer* of Waterloo, and oral argument by *Lawrence W. Hall* of Madison.

Owen, J.    This action was brought to recover the purchase price of certain goods, wares, and merchandise sold to the defendant.  The defendant interposed a counterclaim alleging that at the time of the purchase of said goods, wares, and merchandise he was running a soft-drink parlor at the city of Waterloo; that a portion of said goods, wares, and merchandise was a composition of beef, iron, and wine containing about eighteen per cent. alcohol, and that the remainder of said goods was wine of pepsin, containing twenty-five per cent. alcohol; that plaintiff at the time of said sale represented to the defendant that it had a legal right to sell the said goods to the said defendant by special per-

mission which it had from the prohibition officers of the United States and of the state of Wisconsin; that it had a copy of the law which permitted the sale of the same; that it could be sold over the counter in the regular way in unbroken packages, but not to be drunk on the premises; that plaintiff also represented that it had examined as to its rights to sell the said goods and knew the same was not forbidden. It is further alleged that said goods were in reality for beverage purposes and were so intended by the plaintiff; that, as a further inducement to the defendant to purchase said goods, the plaintiff represented that if the said defendant had any trouble about the same, or if he was arrested for selling the said goods unlawfully, the plaintiff would pay all costs and expenses of said matter, would fully protect the defendant, and would pay attorneys' fees for his defense; that at the time of said sale the defendant had no knowledge whether in truth or in fact said goods were forbidden to be sold by said plaintiff or by the defendant to his customers, and that he fully relied upon said representations.    Then followed allegations of the defendant's subsequent arrest and conviction for the unlawful sale of said goods, that he was greatly damaged thereby, and prayer for judgment against plaintiff in the sum of $4,000.

A demurrer to the counterclaim was overruled.    It should have been sustained.    While in form some of the alleged misrepresentations were representations of fact, such as the representation that the plaintiff "had a copy of the law which permitted the sale of the same," and perhaps the representation that "plaintiff had a legal right to sell the said goods to said defendant by special permission which it had from the prohibition officers of the United States and of the state of Wisconsin," the gist and substance of all the representations was that plaintiff had a lawful right to sell said products to the defendant.    The defendant was charged with knowledge of the law.    It must be presumed that he knew that the sale of such product for beverage purposes was unlawful

and that no authority could be conferred upon the plaintiff to sell such product for beverage purposes either by federal or state authorities. Sec. 165.01, Stats.; ch. 85, title II, sec. 3, Laws 66th Congress. Even though he believed that plaintiff had permission from the prohibition officers of the federal and state governments, nevertheless he was charged with knowledge of the fact that permits to sell said product for beverage purposes could not lawfully be issued by either of such officers. He knew that the product contained an excessive percentage of alcohol. It is apparent from the allegations of the counterclaim that these products were being sold to him and that he purchased them for beverage purposes. That the question of whether he might lawfully handle, sell, and dispose of these products was a material consideration and the subject of discussion between him and the plaintiff, plainly appears, as it is alleged "That, as a further inducement to this defendant to purchase the said goods, the said plaintiff represented that if the said defendant had any trouble about the same, or if the said defendant was arrested for selling the said goods unlawfully, or if he was brought before the court on account of the handling of said goods, that the plaintiff would pay all costs and expenses of said matter."

Here we have two parties, *sui juris,* dealing at arm's length. No confidential relations existed between them. The question was whether these products might lawfully be handled by the defendant in his soft-drink parlor. The gist and substance of all the alleged misrepresentations bore upon the ultimate question of whether defendant might lawfully do so. The misrepresentations were clearly misrepresentations as to the law. They were not misrepresentations of fact, and the situation is governed by the case of *Gormely v. Gymnastic Asso.* 55 Wis. 350, 13 N. W. 242, where it is said that "a false or mistaken representation as to what the law is upon an admitted state of facts is no basis of an action, especially where there are no confidential relations between

the parties." This is the universal rule. 12 Ruling Case Law, 295, and authorities there cited.

It is to be noted that the counterclaim does not contain a single allegation of any representation on the part of the plaintiff that the defendant could lawfully sell these products. The allegations are all to the effect that plaintiff represented that it (the plaintiff) had lawful right to sell the products to the defendant. While such representations have nothing to do with the right of the defendant to sell said products, we have disposed of the question on the assumption that the alleged representations were to the effect that the defendant had a legal right to handle and sell said products.

*By the Court.*—Order reversed, and cause remanded with instructions to sustain the demurrer to the counterclaim.