PETFALSKI, Respondent, vs. WINKEL GARAGE COMPANY, Appellant.

*March 10—May 11, 1926.*

*Sales: Breach of warranty: Failure to deliver article suitable for intended use: Rescission: Mutual mistake: Usurious interest not in contemplation of parties: Reformation: Pleading: Demurrer.*

1. Under the Uniform Sales Act (secs. 121.15 and 121.16, Stats.), where a dealer in automobiles, after being informed by a prospective purchaser of a car of the purpose for which it was to be used, represented a certain car as suitable therefor and as similar to one on display, there were both express and implied warranties; and a complaint which alleged a failure to deliver a car similar to the one shown or suitable for the intended purpose stated a cause of action for rescission. p. 66.

2. The buyer of the automobile, who was ignorant of legal forms and signed a conditional sales contract after being told that it was a chattel mortgage, is entitled to reformation, there being a material difference between a chattel mortgage and a conditional sales contract. p. 67.

3. A mutual mistake in incorporating interest in the principal, and then providing additional interest on the face of the notes, entitles the maker to reformation, usurious interest admittedly not being in contemplation of either of the parties.  p. 68. ·

APPEAL from an order of the circuit court for Milwaukee county: OTTO H. BREIDENBACH, Circuit Judge.  *Affirmed.*

The appeal is from an order overruling a general demurrer to the plaintiff's complaint.

The cause was submitted for the appellant on the brief of *L. L. Livingston* of Milwaukee, and for the respondent on that of *Glicksman, Gold & Corrigan* of Milwaukee.

DOERFLER, J.  In the complaint the plaintiff alleges certain facts from which he claims that he is entitled to a rescission of a contract for the purchase of a certain automobile.  He also prays for a reformation of a certain conditional sales contract; and the grounds upon which he bases his complaint both for rescission and reformation will be more particularly set forth and referred to hereafter.

As the complaint is lengthy we will not reproduce it verbatim in this opinion, but will content ourselves with a statement of the substance, with references to such parts thereof as we deem material.  Among other things it is alleged that the defendant is a Wisconsin corporation, engaged as a dealer in Studebaker automobiles; that the plaintiff entered into an oral contract with the defendant to purchase one new 1925 model Studebaker standard brougham for the sum of $1,679.09; that before entering into the contract the plaintiff informed the defendant that he desired to use the same as a pleasure car, and that he relied upon its skill and judgment as to the suitableness of the car for the purpose for which it was purchased; that among other things the defendant represented that the car was manufactured with a high degree of skill and from the best materials; that the car would be like a sample car

which the defendant had on display in every particular; that the defendant prior to and at the time of the sale had knowledge as to certain defects existing in the standard cars of the model which the plaintiff agreed to purchase, which it knowingly concealed from the plaintiff; that on the date of the purchase the defendant delivered a car of the Studebaker type, and that the plaintiff, in accordance with the terms of the contract, in payment of the contract price, delivered to the defendant one used Elgin automobile of the agreed value of $265, one used Ford sedan of the agreed value of $250, $35 in cash, eleven promissory notes aggregating $550, each note being for the sum of $50, so that at the end of each month one of such notes would become due and payable, and a further note for $579.09 which became payable on the 4th day of April, 1926. Further it is alleged that on the following day the plaintiff discovered certain defects in the car; that such car was not of the quality or workmanship of the sample car exhibited; that the car was unsightly and unfit for use as a high-grade pleasure and business car; and that immediately upon such discovery the plaintiff returned the automobile to the defendant, rescinded the sale, and requested a return of the consideration.

It appears to us that the car purchased by the plaintiff was sold by the defendant under both express and implied representations constituting warranties. The defendant was informed as to the purpose for which the car was to be used. It represented the car as suitable for such purpose, well knowing the falsity of such representation. It pointed out a model car which it had on display, and represented that the car which the plaintiff purchased would in all particulars be like the one exhibited. The complaint alleges failure to deliver such a car, and that the car delivered was defective and unlike the model in the particulars alleged in the complaint. Upon demurrer, the allegations of the com-

plaint, properly pleaded, must be taken as true. The com-
plaint therefore states a cause of action for rescission under
the provisions of secs. 121.15 and 121.16 of the Uniform
Sales Act. See, also, 2 Williston, Sales (2d ed.) § 459.

The complaint also, in substance, alleges that the contract
for the purchase of this automobile was oral; that when the
car was delivered and the purchase price paid in manner and
form as above set forth the contract was completed, and
was effective to all intents and purposes, excepting only that
it was subject to rescission for a failure of the car to comply
with the warranties referred to.

The complaint further alleges, in substance, that the de-
fendant then represented that the car belonged to the plaint-
iff, but that it desired a chattel mortgage upon the same to
secure the notes above referred to; that there was then sub-
mitted to the plaintiff a certain document which, under the
provisions of ch. 122 of the 1923 Statutes, constituted a
conditional sales contract; that the plaintiff was ignorant of
legal forms and believed that the document tendered was a
chattel mortgage, and that the defendant, with knowledge
that such instrument was not a chattel mortgage, failed to
inform the plaintiff of the true nature of the document;
that the plaintiff relied upon the representations of the
defendant and signed the conditional sales contract tendered.

That there is a material difference between a chattel mort-
gage and a conditional sales contract requires no discussion.
That an ordinary layman is not familiar with the distinctions
existing between these two forms of security is commonly
known, and it is a fact with which lawyers are familiar that
it is oftentimes difficult to determine in a given instance
whether a document falls under one or the other class. The
plaintiff, therefore, in his complaint alleges facts under
which, if he is successful in establishing the same, in accord-
ance with the rules of evidence appertaining to reformation,
he is entitled to the relief prayed for. Had the defendant

merely submitted this conditional sales contract without any representations which had a tendency to mislead the plaintiff a different situation would exist. See 2 Pomeroy, Eq. Jur. (4th ed.) § 847; *Kyle v. Fehley,* 81 Wis. 67, 51 N. W. 257; *Hubbard v. McLean,* 115 Wis. 9, 90 N. W. 1077.

What amounts to a mutual mistake is also alleged in the conditional sales contract on the subject of usurious interest. Usurious interest admittedly was not in contemplation of either of the parties. The interest on the maturing notes was computed and incorporated in the principal, but notwithstanding such fact the contract provides for additional interest upon the face of the notes. Therefore, upon establishing the allegations in the complaint, plaintiff is also entitled to reformation upon this phase of the case.

It is strenuously contended by defendant's counsel that the only contract entered into between the parties consisted of the conditional sales contract, and that all of the prior negotiations with respect to the purchase of this automobile were merged therein. The evidence may disclose such to be the fact, and in such event the case would be ruled by the following decisions: *Creasey Corporation v. Dunning,* 182 Wis. 388, 196 N. W. 775; *Derbeck v. Albright,* 186 Wis. 515, 203 N. W. 337.

However, construing the allegations in the complaint liberally, as we are required to do under the established law in this state, and resolving every reasonable intendment of the pleader in his favor, we are of the opinion that the complaint states a cause of action both for rescission and reformation, and that the demurrer was properly overruled.

*By the Court.*—The order of the lower court overruling the demurrer is affirmed.