Ellis, Respondent, vs. Gordon, Appellant.

*April 28—June 23, 1930.*

For the appellant there were briefs by *Robert V. Baker,* and oral argument by *Robert V. Baker, Jr.,* both of Kenosha.

For the respondent there was a brief by *Stephenson, Fisher & Richardson* of Kenosha, attorneys, and *Arthur E. Frankenstein* of Chicago of counsel, and oral argument by *Mr. C. D. Richardson* and *Mr. Frankenstein.*

STEVENS, J. (1) The record does not disclose the basis of the trial court's decision. The court made no finding upon the only issue raised by the answer, which was that the assignment was secured by the fraud and false representations of the plaintiff's agent and that therefore the enforcement of the judgment should be enjoined.

In order to determine the rights of the parties we must examine the nature of the judgment here in question and the rights of the parties under such a judgment. Although entered upon cognovit, the judgment is nevertheless the judgment of the court of a sister state which is entitled to the full faith and credit given to it by the constitution of the United States. 3 Freeman, Judgments (5th ed.) § 1361. See, also, *Wessling v. Hieb,* 180 Wis. 160, 164, 192 N. W. 458. "In determining the effect of the judgment sued upon, how far it may be re-examined, and what relief, if any, may be granted against it, we are to act and decide precisely as the court of Illinois would do were the same questions there presented." *Brown v. Parker,* 28 Wis. 21, 24; *Anderson v. Chicago T. & T. Co.* 101 Wis. 385, 391, 77 N. W. 710.

Some states hold that courts should take judicial notice of the laws of sister states for the purpose of determining the effect of such judgments in the states where they were rendered. 3 Freeman, Judgments (5th ed.) § 1388. But the better rule is that declared by the federal supreme court: "No court of a state is charged with knowledge of the laws of another state; but such laws are in that court matters of fact, which, like other facts, must be proved before they can be acted upon." *Chicago & Alton R. Co. v. Wiggins Ferry Co.* 119 U. S. 615, 622, 7 Sup. Ct. 398, 402, 30 Lawy. Ed. 519, 522. This rule was early adopted in Wisconsin in *Rape v. Heaton,* 9 Wis. 328, 341, where it is said "that the true rule is that . . . courts are not bound to take actual notice of the laws of other states, in the absence of all proof, but may presume them to be in accordance with their own. So that wherever any difference is relied on, it is incumbent on the party relying on it to prove such difference for the information of the court."

The record contains no proof of the laws of Illinois or of its procedure. We must therefore presume that this judgment would have the same faith and credit given it in Illinois that would be given to it if it were the judgment of a Wisconsin court.█ Very clearly if it were the judgment of a Wisconsin court it could be attacked by appeal, by motion in the court in which it was rendered, or by action in equity to restrain its enforcement. It should be added that, after many conflicting decisions upon the question, it is well settled "that the jurisdiction of the court by which a judgment is rendered in any state may be questioned in a collateral proceeding in another state, notwithstanding the pro-

vision of the fourth article of the constitution and the law of 1790, and notwithstanding the averments contained in the record of the judgment itself." *Thompson v. Whitman,* 18 Wall. (85 U. S.) 457, 469, 21 Lawy. Ed. 897, 902; *Rape v. Heaton,* 9 Wis. 328, 335; 3 Freeman, Judgments (5th ed.) § 1365.

The relief here demanded against the judgment sued on is that the plaintiff be enjoined from enforcing it. This is an appeal to a well grounded principle of equity which will permit no man to retain an unconscientious advantage procured by him in court because his adversary, without any fault on his part, has been precluded from presenting his defense to the action. 3 Freeman, Judgments (5th ed.) § 1213; *Laun v. Kipp,* 155 Wis. 347, 369, 145 N. W. 183. That the defendant had no opportunity to present his defense is an admitted fact. That conclusion follows as a matter of course from the fact that the judgment was entered on cognovit. It is an essential element to relief in equity that it should be established that the plaintiff, if permitted to enforce the judgment, will obtain an advantage which he should not have in equity and good conscience.

While a judgment on cognovit is given the same faith and credit as if entered after service of process and a trial, a court of equity will more readily restrain the enforcement of a cognovit judgment because of the fact that the defendant has been denied all opportunity to be heard before the judgment was entered. The testimony offered by the defendant upon the issue of the false representations of the agent of the plaintiff presented an issue upon which he was entitled to a finding of the chancellor determining whether the plaintiff had by his judgment obtained such an unconscionable advantage over the defendant that a court of equity should enjoin the enforcement of the judgment.

Apparently the case was not tried or decided on the theory that the issue presented was one in equity. A jury was im-

paneled. A verdict was directed. Formal findings were entered which did not pass upon the issue presented by the case. The defendant is entitled to have this issue determined by a court of equity.

Court and counsel may have been misled by the statement in *Smith v. Willing,* 123 Wis. 377, 380, 101 N. W. 692, where the parties did not controvert the proposition that the defendant might raise such issues as those presented here "by defense when the judgment is made the basis of an action." Even if it were conceded in that case that such issues may be presented as defenses to an action at law upon an Illinois judgment (not as the basis of relief in equity), such is not the law, as was pointed out by a vigorous dissenting opinion by Mr. Chief Justice CASSODAY in that case. In so far as that case is authority for the proposition that such issues may be pleaded as mere defensive matter in an action at law on a judgment of a sister state, the case must be overruled.

(2) It is necessary to determine whether the misrepresentations alleged to have been made would have constituted a defense if proven in the action on the lease and assignment. If the making of such representations would not have prevented recovery of judgment in that action, defendant is entitled to no relief in equity.

It is a general rule that "a false or mistaken representation as to what the law is upon an admitted state of facts is no basis of an action, especially where there are no confidential relations between the parties." *Gormely v. Gymnastic Asso.* 55 Wis. 350, 353, 13 N. W. 242. But " 'it has repeatedly been held that the general rule as to representations of law does not apply where . . . the person making the representation knows that the other is ignorant of the law, and takes advantage of his ignorance to mislead him by a false statement of the law.' " *Hubbard v. McLean,* 115 Wis. 9, 17–18, 90 N. W. 1077.

The defendant Gordon could not read. He was not represented by an attorney. He relied upon the advice of plaintiff's agent, who was an experienced real-estate broker, who he had a right to believe possessed a superior knowledge as to the effect of the instrument signed by the defendant. It must have been apparent to the plaintiff's agent that defendant was not able to judge of the true character and effect of the instrument which he procured him to sign. Under such circumstances misrepresentation as to the legal effect of the assignment, if found by a jury, would have constituted a complete defense to plaintiff's cause of action on the lease. *Hubbard v. McLean,* 115 Wis. 9, 16–18, 90 N. W. 1077. See, also, *Petfalski v. Winkel Garage Co.* 190 Wis. 64, 67–68, 208 N. W. 893.

It will be for the court to determine on a new trial whether the making of such misrepresentations is established by the evidence, and whether, because of such misrepresentations, if proven, the plaintiff has secured such an unconscionable advantage as to lead to the granting of equitable relief in the form of a decree enjoining the enforcement of this judgment.

(3) Again, the fact that the defendant was liable on the lease before the assignment was made would not deprive him of the defense of misrepresentations in an action on the lease. Before the assignment, the defendant and Mr. Holman had a right to occupy the leased premises or to transfer the lease to others. By inducing the defendant to make this assignment, the agent of the plaintiff deprived the defendant of this valuable right, while the defendant still remained liable for the full amount of the rent reserved.

*By the Court.*—Judgment reversed and cause remanded for a new trial.