Suskey, Appellant, vs. Davidoff and another, Respondents.

*December 2, 1957—January 7, 1958.*

504

For the appellant there was a brief and oral argument by *Roman H. Papka* of Milwaukee.

For the respondent I. Z. Davidoff the cause was submitted on the brief of *Wickhem, Borgelt, Skogstad & Powell,* attorneys, and *Harry F. Franke* of counsel, all of Milwaukee.

For the respondent Robert I. Hiller there was a brief by *Ray T. McCann,* and oral argument by *Richard A. McDermott,* both of Milwaukee.

WINGERT, J. The sole question for decision is whether the action is barred by statute of limitations. For present purposes it may be assumed that, as asserted by the plaintiff, the defendants wrongfully removed her gall bladder without her consent and without justification of any necessity or emergency, and that they gave her no advance intimation that they might do so.

1. On that assumption as to the facts (which are vigorously disputed by the defendants), defendants were guilty of an assault. A surgical operation performed without the consent of the patient and without justification by reason of emergency constitutes an assault. *Throne v. Wandell,* 176 Wis. 97, 101, 186 N. W. 146; *Paulsen v. Gundersen,* 218 Wis. 578, 583, 584, 260 N. W. 448; Anno. 56 A. L. R. (2d) 695, 696. Action for an assault is barred, however, by sec. 330.21, Stats., which provides a two-year limitation on actions to recover damages for assault.

2. If the removal of the gall bladder be considered as malpractice, the cause of action for such malpractice is nevertheless barred by statute of limitations. Sec. 330.19 (5), Stats., in force at all times herein material, provided that no action to recover damages for an injury to the person shall be maintained unless, within two years after the happening of the event, written notice be served upon the person by whom it is claimed such damage was caused. It is not contended that such a notice was given in the present case. The two-year notice requirement was applicable to an action for malpractice, *Voss v. Tittel,* 219 Wis. 175, 178, 262 N. W. 579, whether sounding in tort or in contract for breach of implied agreement to treat with proper skill and care. *Klingbeil v. Saucerman,* 165 Wis. 60, 62, 160 N. W. 1051; Anno. 151 A. L. R. 1028.

3. In order to escape the two-year statute of limitations, plaintiff characterizes her action as based on fraud and

deceit, and claims the benefit of the six-year statute applicable to fraud actions. Sec. 330.19 (7), Stats. Her claim must fail, however, for she alleges no facts which, if proved, would make a case of fraud or deceit.

Plaintiff asserts that defendants were guilty of fraud and deceit "in not apprising the plaintiff of their proposed gall bladder removal prior to her operation." Neither complaint nor affidavit opposing summary judgment alleges, however, that before the commencement of the operation defendants intended to remove the gall bladder or anticipated it as likely; and except as stated in the next paragraph, plaintiff does not assert that either of them ever told her that they would not remove the gall bladder. Thus no false representation or concealment is alleged. The allegations merely go to the point that the defendants were guilty of assault or malpractice by removing the gall bladder unnecessarily, without authority and without the justification of emergency. For such a wrong, grievous though it may be, the legislature has seen fit to prescribe the two-year limitation specified in secs. 330.19 (5) and 330.21 (2), Stats., instead of six years.

In the complaint it is alleged [1] that "the defendants had, prior to the operation, represented to the plaintiff that they would only remove an ovarian cyst from the plaintiff and perform an appendectomy, which defendants allegedly claimed was necessary." This allegation was denied by the defendants, and was not substantiated in plaintiff's affidavit opposing summary judgment. Assuming that it is entitled to consideration despite the rules stated in *Laughnan v. Griffiths,* 271 Wis. 247, 251, 73 N. W. (2d) 587, and *Tregloan v. Hayden,* 229 Wis. 500, 507, 282 N. W. 698, it falls short of alleging an actionable fraud. The asserted statement that defendants would only remove the cyst and appendix was not itself a representation of existing fact but

---

[1] Curiously, on information and belief.

rather a statement of intention, and there is no allegation that defendants then intended to remove the gall bladder and that such statement of present intention was false or made with intent to conceal a different purpose.

Ordinarily, fraud cannot be predicated on unfulfilled promises unless the promisor had a present intent not to perform, and intentionally misrepresented the fact of such intent. *Anderson v. Tri-State Home Improvement Co.* 268 Wis. 455, 462, 67 N. W. (2d) 853, 68 N. W. (2d) 705; *Alropa Corp. v. Flatley,* 226 Wis. 561, 566, 277 N. W. 108. In the present case no intention to remove the gall bladder is shown or alleged to have arisen prior to the operation, and hence there was no misrepresentation of fact.

*Krestich v. Stefanez,* 243 Wis. 1, 9 N. W. (2d) 130, relied on by plaintiff, was a very different case. There the defendant surgeon left some needles in plaintiff's abdomen after finishing an operation. Three years later, plaintiff having learned of the possibility that some needles had not been accounted for, proposed to call another physician to examine her for their presence. Defendant thereupon assured her, falsely and deliberately, in order to dissuade her from having an independent examination, that the needles had been removed and that there was no need for her to go to another doctor. Relying on such false representation of fact, she continued under defendant's professional care until another surgeon removed the needles several years later. This court held that the complaint stated a cause of action for fraud to which the six-year statute of limitations was applicable. When defendant, in the course of his professional treatment, continued to disregard the presence of the needles, he was guilty of malpractice; but—

". . . when plaintiff informed defendant that she proposed to seek other medical advice and when, for the purpose of forestalling this course of action and not in connection with any medical treatment, defendant repeated the misrepresen-

tations with the actual result of causing her to abandon her announced purpose, he stepped out of his professional character and committed a new and substantive breach of plaintiff's rights constituting fraud and redressable by an action of deceit. . . .

"We conclude that this was a new fraud and not a mere continued concealment, and that under the circumstances alleged it was not a mere malpractice but a putting aside of the relationship of physician and patient." *Krestich v. Stefanez*, 243 Wis. 1, 5, 7, 9 N. W. (2d) 130.

In the present case any wrongdoing of which defendants were guilty was directly and immediately connected with the performance of the operation, and if proved was assault or malpractice. Plaintiff was notified promptly after the operation that her gall bladder had been removed. There was no false statement of fact and no concealment. Nothing was done by the defendants outside of their professional treatment of her. Hence the factors which were held to give rise to a cause of action for fraud in *Krestich v. Stefanez, supra,* are wholly absent here.

4. When plaintiff entered the hospital she signed a paper purporting to authorize the physicians in charge to "perform such operations as may be deemed necessary or advisable in the diagnosis and treatment of this patient." In her affidavit she stated that she signed this document without reading it or suspecting its import, and that after the operation defendant Davidoff deceived and misled her by telling her that by virtue of the consent he could perform any surgery he chose upon her and there was nothing she could legally do about it. Since any misrepresentation involved in the claimed statement was with respect to the legal effect of the document, which we need not determine, and hence dealt with a matter of law rather than fact, and since the doctor was not alleged to have been a lawyer or to have any greater knowledge of law than plaintiff, his statement cannot be held to

constitute actionable fraud. *Schlecht v. Anderson,* 202 Wis. 305, 313, 232 N. W. 566; *Ad. Dernehl & Sons Co. v. Detert,* 186 Wis. 113, 115, 202 N. W. 207; and see *Ellis v. Gordon,* 202 Wis. 134, 139, 231 N. W. 585; *Rusch v. Wald,* 202 Wis. 462, 464, 232 N. W. 875. Moreover, it is not alleged that plaintiff relied on the statement to her detriment.

5. Since it appears from undisputed facts shown by the pleadings and affidavits that the asserted cause of action is barred by a statute of limitations, summary judgment was properly rendered for the defendants. *Binsfeld v. Home Mut. Ins. Co.* 245 Wis. 552, 555, 556, 15 N. W. (2d) 828; *Ausen v. Moriarty,* 268 Wis. 167, 178, 67 N. W. (2d) 358.

*By the Court.*—Judgment affirmed.