**Cheryl NUNLEY, Plaintiff,**

v.

**Ralph A. KLOEHN, M.D., Defendant.**

No. 93–C–0343.

United States District Court,
E.D. Wisconsin.

Dec. 12, 1994.

William M. Powell, P.A., Cape Coral, FL, for plaintiff.

Thomas A. Ogorchock, Michael J. Pfau, Milwaukee, WI, for defendant.

### MEMORANDUM AND ORDER

WARREN, Senior District Judge.

Before the Court are the defendant's Motion to Dismiss Counts II, III, IV, V, VI, VII, and VIII of the Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), and Motion to Strike Count VI and the Plaintiff's September 6, 1994 Response to the Defendant's Affirmative Defenses pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)") in the above-captioned matter. For the following reasons, his Rule 12(b)(6) motion is denied, and his Rule 12(f) motion is granted as delineated below.

## I. *BACKGROUND*

Plaintiff Cheryl Nunley, a Florida resident, filed a Complaint on April 8, 1993, amended on August 11, 1994, charging defendant Ralph A. Kloehn, M.D., a cosmetic and plastic surgeon residing in Wisconsin, with "reckless, careless, and negligent" performance of several lip augmentation and corrective surgeries which caused her "permanent scarring and disfigurement," and seeking $2,000,-000.00 in damages for each of eight counts. In his Answer of August 25, 1994, Dr. Kloehn denied any wrongdoing and filed seven affirmative defenses including failure to state a claim upon which relief can be granted, failure to join necessary and indispensable parties, assumption of the risk, failure to mitigate, and estoppel based on waivers and releases signed by Ms. Nunley. On September 6, 1994, Ms. Nunley filed a document entitled "Plaintiff's Response to Defendants' Affirmative Defenses."

On September 30, 1994, the defendant brought the instant motion, seeking dismissal of Counts II, III, IV, V, VI, VII, and VIII of the plaintiff's Amended Complaint. He first notes that (1) in Count I, the plaintiff alleges that her initial lip augmentation procedure was performed negligently; (2) in Count II, she alleges that the corrective procedure of October 8, 1990 was performed negligently; (3) in Count III, she alleges that the removal procedure of January 18, 1991 was performed negligently; (4) in Count IV, she alleges that the removal procedure of November 30, 1991 was performed negligently; and (5) in Count V, she alleges that the removal procedure of April 11, 1991 was performed negligently. According to the defendant, Counts II, III, IV, and V should be dismissed because "Wisconsin law allows only one cause of action where [as in this case] there is alleged a continuum of negligent medical treatment." He also argues that Count VI should be dismissed because it "simply realleges the facts and circumstances [contained] in Count V." He further claims that Count VII, which alleges strict liability for misrepresentation, should be dismissed because "Wisconsin has refused to recognize 'the imposition of liability upon a doctor under the strict liability doctrine based upon misrepresentation,'" and that Count VIII, which alleges negligent misrepresentation, should be dismissed because "Wisconsin courts have held that misrepresentations occurring during the course of a physician-patient relationship are considered a component of a malpractice claim and not as an action for fraud or deceit," which she previously claimed in Count I. Finally, he claims that the plaintiff's response to his affirmative defenses must be struck as a pleading not permitted under the Federal Rules of Civil Procedure.

The plaintiff responds, albeit unartfully, that the factual occurrences alleged in Counts I through V (and Count VIII) of her Amended Complaint "can be viewed as single events for medical malpractice"; however, even assuming that they constituted "a continuum of medical treatment," the Court should simply "combine[ ] [them] into one Cause of Action for medical malpractice." She also claims that Counts VII and VIII should not be dismissed because they both allege "*negligent* misrepresentation," a fraud allegation which Wisconsin courts recognize may be brought against a physician, rather than "strict liability for misrepresentation."

## II. *STANDARD OF REVIEW*

■ Rule 12(b)(6) authorizes the Court to dismiss a case "for failure to state a claim upon which relief can be granted." In deciding such a motion, the Court must accept as true all well-pleaded factual allegations contained in the plaintiff's complaint, viewing all reasonable inferences in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Gillman v. Burlington N. R.R. Co.*, 878 F.2d 1020, 1022 (7th Cir.1989); *Republic Steel Corp. v. Pennsylvania Eng'g Corp.*, 785 F.2d 174, 177 n. 2 (7th Cir.1986). The complaint, however, must set forth factual allegations adequate to establish the essential elements of his or her claim, *see Benson v. Cady*, 761 F.2d 335, 338 (7th Cir.1985); *Sutliff, Inc. v. Donovan Co., Inc.*, 727 F.2d 648, 654 (7th Cir.1984), and legal conclusions lacking adequate support should not be considered. *Benson*, 761 F.2d at 338. The Court must deny such a motion

unless it appears beyond doubt that the plaintiff is unable to prove any set of facts which would entitle him or her to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957); *Benson,* 761 F.2d at 338. The Court's inquiry is generally limited to the factual allegations contained within the four corners of the complaint, *see, e.g., Hill v. Trustees of Indiana Univ.,* 537 F.2d 248, 251 (7th Cir.1976); however, "[i]f ... matters outside the pleading are presented to and not excluded by the court," a Rule 12(b)(6) motion must be treated as a Rule 56 Motion for Summary Judgment. *See Capitol Leasing Co. v. F.D.I.C.,* 999 F.2d 188, 191 (7th Cir.1993); *R.J.R. Services, Inc. v. Aetna Casualty and Sur. Co.,* 895 F.2d 279, 281 (7th Cir.1989); *Winslow v. Walters,* 815 F.2d 1114, 1116 (7th Cir.1987).

### III. *DISCUSSION*

#### A. *Counts II, III, IV, and V:*

■ The Court must deny the defendant's motion as to Counts II, III, IV, and V because he confuses the theoretical underpinnings of a "cause of action" with a "claim" or "count." While often times used interchangeably, the terms "cause of action" and "claim" or "count" are more accurately understood to mean two different things. In discussing this difference under its "same transaction" test for purposes of res judicata analysis, the Seventh Circuit has recognized that,

> "[u]nder this test, *a 'cause of action' consists of 'a single core of operative facts which give rise to a remedy.'* This 'same transaction' test is decidedly fact-oriented. *Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost.*"

*Lim v. Central DuPage Hosp.,* 972 F.2d 758, 763 (7th Cir.1992) (emphasis added). *See also Welch v. Johnson,* 907 F.2d 714, 720 (7th Cir.1990) (noting that, under "same transaction" test applied under Illinois law for res judicata analysis, "[t]he mere fact that different claims are alleged is immaterial; the assertion of different kinds or theories of relief still constitutes a single cause of action if a single group of operative facts give rise to the assertion of relief"). A "cause of action," then, is the sequence of factual events giving rise to a lawsuit, while a "claim" (or "count") is the legal theory under which relief is sought.

In many lawsuits, or causes of action, the plaintiff only brings one claim, or legal theory, for relief; in such cases, the terms "cause of action" and "claim" are often used interchangeably as labels for the parties' legal proceedings. In other actions, however, a single cause of action, or lawsuit, may consist of many different claims, or legal theories of relief; a fired employee, for example, may bring claims of age *and* sex discrimination in the same proceeding, or bring claims of termination based on harassment *and* retaliatory motives. Under these circumstances, it would indeed be misleading to equate these terms; the sequence of factual occurrences gives rise to a single cause of action which, in turn, is comprised of several claims, or legal theories of recovery. A cause of action, then, may contain numerous claims, while a single claim may or may not constitute a single cause of action.

In its brief, the defendant claims that Counts II through V of the Amended Complaint must be dismissed because, in *Tamminen v. Aetna Casualty & Surety Co.,* 109 Wis.2d 536, 327 N.W.2d 55 (1982), the Wisconsin Supreme Court held that, where "there [i]s but a single unit of negligent [medical] treatment, both surgical and remedial," there is but one cause of action, which the defendant claims has already been stated in Count I. The plaintiff responds that Counts I through V constitute separate and distinct "units" of negligent treatment, and that the Court may nevertheless combine them into "one cause of action" if deemed necessary. Both parties, however, misconstrue the above-highlighted difference between a "cause of action" and a "claim." First of all, by including in Counts I through V each instance of the defendant's allegedly negligent conduct in performing lip augmentation surgery and subsequent "corrective" procedures, the plaintiff necessarily acknowledges that the defendant's conduct constituted "a single unit [or continuum] of negligent medical treatment," as she has already combined the defendant's conduct *into one cause*

*of action.* She simply seeks to maintain her *claims* in Counts I through V that the defendant negligently performed each surgical procedure.

The defendant, in turn, misinterprets the holding of *Tamminen* and its progeny, none of which raises the issue of multiple claims in a single cause of action. In *Tamminen,* the plaintiff alleged a series of negligent medical acts by hospital personnel over a six-month period stemming from her gastric bypass surgery and aftercare. *Id.* at 550, 327 N.W.2d 55. Both the trial and appellate courts viewed each alleged act of negligence as a separate cause of action; therefore, each found summary judgment appropriate for any negligent act, or "cause of action," which occurred prior to the three-year statute of limitations for such actions. *Id.* at 548–49, 327 N.W.2d 55. In reversing summary judgment, the Wisconsin Supreme Court concluded that

> "*A cause of action accrues only when the cause of action is complete; and where, as here, it is averred in the affidavits that the negligent acts of malpractice were continuous, the cause of action is not complete until the last date on which the malpractice occurred.* If an action is timely brought in relationship to that last date, the entire cause of action is within the jurisdiction of the court."

*Id.* at 559, 327 N.W.2d 55 (emphasis added). *Tamminen,* therefore, merely stands for the proposition that, where a continuum of negligent medical treatment is alleged, a plaintiff has a unitary cause of action covering the entire factual sequence, and is not obligated to bring more than one lawsuit; it says nothing about the legal theories, or claims, which may be asserted in bringing such an action.

Perhaps the plaintiff could have better organized her Amended Complaint by first grouping all of the factual allegations underlying her claims and then listing each of her legal theories, or claims, in numerical order, referencing the factual statements to which they apply; this would have saved her the trouble of making repeated claims of negligence and, perhaps, precluded her from captioning the sections of her complaint as "Counts," a term better understood and utilized in the criminal context. Nevertheless, courts generally look to the substance of pleadings, rather than their form, when determining whether or not factual statement or legal theories have been properly alleged. In this case, Counts I through V of the plaintiff's Amended Complaint, while perhaps not a model of clarity, adequately present her negligence claims based on the defendant's alleged continuum of wrongful medical treatment. For this reason, the defendant's request for dismissal as to these counts must be denied.

### B. *Count VI:*

As it currently stands, Count VI of the plaintiff's Amended Complaint is redundant, and adds very little, if anything, to the allegations contained in Counts III through V. Paragraphs 50 through 52 of Count VI indicate that, from the time of her last removal surgery of April 11, 1991 through June 28, 1991, the plaintiff spoke with Dr. Kloehn regarding the continued disfigurement of her lips; however, paragraphs 53 through 57 of Count VI go on to repeat nearly *verbatim* other paragraphs from her negligence allegations contained in Counts III through V, which involve her removal surgeries of January 18, 1991 and April 11, 1991. Based on this, it is not clear if some factual event occurred on June 28, 1991, such as another removal surgery, for which she claims that the defendant is negligent. Assuming this is true, she should immediately so inform the Court and opposing counsel, and request amendment of relevant paragraphs of her Amended Complaint.

Absent such circumstances, however, paragraphs 53 through 57 of Count VI are essentially a repeat of allegations already contained in Counts III through V, which we previously saw state negligence claims upon which relief can be granted; thus, Count VI cannot be dismissed under Rule 12(b)(6) because, *a fortiori,* it likewise states a claim upon which relief may be granted. However, it seems appropriate to strike paragraphs 53 through 57 under Rule 12(f), which allows the Court to, "on its own initiative at any time, ... order stricken from any pleading any [ ] redundant [ ] matter." More careful review

of the complaint by the plaintiff would have clarified any ambiguity as to these paragraphs, and may have obviated the need for judicial consideration. Based on the Court's review of the Amended Complaint, then, we find it appropriate to strike paragraphs 53 through 57 contained in Count VI; nevertheless, as previously indicated, the factual statements contained in paragraphs one through 52 of the Amended Complaint, which allege a continuum of improper medical treatment (and therefore one cause of action), state a claim of negligence adequate to survive a Rule 12(b)(6) motion.

### C. COUNTS VII AND VIII:

█ The defendant claims that Count VII of the Amended Complaint should be dismissed because it is a claim for strict responsibility for misrepresentation, a legal theory not recognized under Wisconsin law. *See Black v. Gundersen Clinic, Ltd.,* 152 Wis.2d 210, 214, 448 N.W.2d 247 (Ct.App.1989). However, as noted by the plaintiff, Count VII is a claim for negligent misrepresentation, rather than strict liability for misrepresentation. Nowhere in Count VII are the phrases "strict responsibility" or "strict liability" used; paragraph 63, however, states that, "by reason of the aforementioned *negligent misrepresentations,* Plaintiff consented to the all [sic] removals and reconstruction, by Defendant, RALPH A. KLOEHN, M.D." (Emphasis added). Recognizing that the substance, rather than the form, of the pleadings establishes the claims alleged therein, and that the plaintiff's use of the words "negligent misrepresentation" is not determinative as to the categorization of her claims, the Court finds that Count VII clearly smacks of negligence, rather than strict liability. As a result, this argument by the defendant must be rejected.

█ The defendant further claims that Counts VII and VIII must be dismissed because "Wisconsin courts have held that misrepresentations occurring during the course of a physician-patient relationship are considered a component of a malpractice claim and not as an action for fraud or deceit." *See Suskey v. Davidoff,* 2 Wis.2d 503, 508, 87 N.W.2d 306 (1958); *Krestich v. Stefanez,* 243 Wis. 1, 5, 9 N.W.2d 130 (1943). Again, however, the defendant misconstrues the holding of these cases. In *Suskey,* the defendant, a doctor, after telling the plaintiff that he was only operating on her to remove a cyst and her appendix, also removed her gall bladder; the Wisconsin Supreme Court found that the plaintiff failed to allege facts constituting a case of fraud or deceit, noting that "there is no allegation that defendants [prior to the operation] intended to remove the gall bladder and that such statement of present intention was false or made with intent to conceal a different purpose." *Id.* 2 Wis.2d at 507, 87 N.W.2d 306. The court, however, did not state that claims of fraud and malpractice cannot be brought in the same complaint as alternative grounds for relief, or cannot exist concurrently in a single cause of action.

In *Krestich,* the Wisconsin Supreme Court simply noted that a fraudulent statement by a physician made "wholly apart from the necessity of treatment and sufficiently outside of, and beyond the relationship of doctor and patient to constitute an independent fraud and not malpractice" is not subject to the statute of limitations for malpractice claims; again, it did *not* say that claims for fraud and malpractice may not be brought in a single cause of action, or cannot be alleged in a complaint as alternative grounds for relief. Fraud exists where a person *knowingly* makes a false statement of intention or belief with the desire that it will mislead others; a negligent misrepresentation, on the other hand, occurs where a person makes a false or misleading statement recklessly or without knowledge of its truth. Without deciding at the moment whether or not the plaintiff can ultimately recover under both theories in this case, it is clear that she can allege both claims in a single cause of action as alternative grounds for relief. For this reason, the defendant's request must again be denied.

### D. PLAINTIFF'S RESPONSES TO THE DEFENDANT'S AFFIRMATIVE DEFENSES:

█ The plaintiff's September 6, 1994 response to the defendant's affirmative defenses is not a pleading permitted under the

federal rules. Federal Rule of Civil Procedure 7(a) reads as follows:

> "There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. *No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.*"

Rule 7(a) does not authorize the filing of a response to affirmative defenses, and the Court has not ordered such a pleading in this case. Because the plaintiff has filed an impermissible pleading, the Court orders that it be stricken under Rule 12(f).

### III. *SUMMARY*

For the foregoing reasons, **IT IS HEREBY ORDERED** that the defendant's Motion to Dismiss Counts II, III, IV, V, VI, VII, and VIII of the Plaintiff's Amended Complaint be **DENIED**, and his Motion to Strike Counts VI and the Plaintiff's September 6, 1994 Response to the Defendant's Affirmative Defenses be **GRANTED** as previously described in the above-captioned matter.

**SO ORDERED.**