Richard **LEISTIKOW**, Plaintiff,

v.

Hon. Mark **MANGERSON**, Hon. James P. Jansen, David Steger, Jesse Sterling, Dennis Krueger, Victoria Adamski, Larry Shadick, Tom Masek, Brad Hendricks, Jim Meisenger, Langlade County Department of Social Services, James Koppelman, Melinda Olsen, Robin Stowe, Norman Wild, Martha McLeod, James Runyon, Wave J. Cornelius, Craig Knapp, Ben Baker, Keith Wolff, Pat Gustafson, Langlade Health Care Center, James Bartells, Fred Kawalski, Defendants.

No. 96–C–958.

United States District Court, E.D. Wisconsin.

April 23, 1997.

Richard Leistikow, Friendship, WI, pro se.

Mark A. Mangerson, Langlade County Corp. Counsel, Antigo, WI, pro se.

James H. McDermott, Wisconsin Dept. of Justice, Madison, WI, James P. Jansen, Langlade County Corp. Counsel, Antigo, WI, James T. Runyon, Runyon Law Offices, Tomahawk, WI, Andrew P. Smith, John W. Saari, Rodd, Mouw & Saari, Rhinelander, WI, James C. Koppelman, Schmitt, Hartley, Arndorfer & Koppelman, Merrill, WI, Charles H. Bohl, Ritchie J. Sturgeon, Whyte Hirschboeck Dudek, Milwaukee, WI, Robert J. Reinertson, Trembath, Hess & Daubert, Wausau, WI, for Defendants.

Wave Cornelius, Elcho, WI, pro se.

Martha McLeod, Wausau, WI, pro se.

Norman Wild, Antigo, WI, pro se.

Melinda Olsen, Elcho, WI, pro se.

Craig Knapp, Wausau, WI, pro se.

James Bartells, Wausau, WI, pro se.

Ralph Uttke, Langlade County Corp. Counsel, Antigo, WI, pro se.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Mr. Leistikow filed this action against the above-captioned defendants on August 21, 1996. Presently before the court are two recommendations by Magistrate Judge Wil-

liam E. Callahan, Jr. He recommends that the district court dismiss Mr. Leistikow's complaint for failure to state a claim and that the court deny the motion of some of the defendants to impose Rule 11 sanctions on the plaintiff. The magistrate judge also advises that the district court deny Mr. Leistikow's motion for a default judgment.

A party wishing to file an objection to a magistrate judge's recommendation may do so provided that the objection is filed within ten days after "service of a copy of the recommended disposition" and that the party serves such written objections "identifying the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objection." 28 U.S.C. § 636(b)(1) and Local Rule 13.03(c). The district court is then to make "a de novo determination of those portions of the report to which objection is made." 28 U.S.C. § 636(b)(1). In another case, I stated that "[d]e novo review of a magistrate judge's recommendation is required only for those portions of the recommendation for which particularized objections, accompanied by legal authority and argument in support of the objections, are made." *Banta Corp. v. Hunter Publ'g Ltd. Partnership*, 915 F.Supp. 80, 81 (E.D.Wis.1995); *see also United States v. Molinaro*, 683 F.Supp. 205, 211 (E.D.Wis. 1988) (Warren, J.). If there are no substantive objections to the magistrate judge's recommendation, the district court may adopt the recommendation if the court is satisfied that it is not contrary to law. 28 U.S.C. § 636(b)(1); *General Motors Corp. v. Johnson Matthey, Inc.*, 887 F.Supp. 1240, 1247 (E.D.Wis.1995); 12 *Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure*, § 3076.9 (1995).

The only filings that the court has received from Mr. Leistikow since Magistrate Judge Callahan's recommendation that the complaint be dismissed are six almost-identical documents entitled "Response," and a document captioned "Default Judgement F.R.C.P. 55, Cross Complaint for Dismissal, Fourth Amendment Violation, Refusal for Fraud F.R.C.P. 9(b)." The six various "responses" appear to be forms into which Mr. Leistikow has inserted the name of the "brief" that he is "refusing for fraud." Since the recommendation of Magistrate Judge Callahan, the plaintiff has "refused" a motion for dismissal, defendant James Koppelman's answer to the complaint, an affidavit in opposition to the motion for default judgment, the magistrate judge's recommendation on Mr. Leistikow's motion for default judgment, an objection to the magistrate judge's recommendation to deny the motion for sanctions, and a "motion to strike & affidavit of James C. Koppelman." The last document filed by Mr. Leistikow states that he is "refusing the letter and briefs from the MAGISTRATE JUDGE CALLAHAN for the fact; there has been no contract to date to dismiss the contract for a common law trial by jury under the U.S.C.A. 7, Guaranteed."

While at least some of Mr. Leistikow's documents may have been intended as an objection to Magistrate Judge Callahan's recommendation that the complaint be dismissed, none of them makes a particularized objection to any of the magistrate judge's legal conclusions. I am obligated to give Mr. Leistikow's pro se allegations, however inartfully pleaded, a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595–96, 30 L.Ed.2d 652 (1972) (per curiam); *Vanskike v. Peters*, 974 F.2d 806, 807 (7th Cir.1992), *cert. denied*, 507 U.S. 928, 113 S.Ct. 1303, 122 L.Ed.2d 692 (1993). This does not mean, however, that I can construe these almost-identical forms as substantive legal or factual arguments in opposition to Magistrate Judge Callahan's ten page recommendation. Mr. Leistikow's "refusals" throw in everything but the kitchen sink. For example, the plaintiff, without giving any facts whatsoever, states in every filing that the defendants injured him "without due process of law," deprived him of his constitutional rights under "color of law, and caused "neglect" in violation of 42 U.S.C. § 1986. These documents cannot be considered as substantive objections that merit this court's engaging in a de novo review of the record. Instead if Magistrate Judge Callahan's recommendation is not contrary to law, I will adopt it.

In his recommendation, Magistrate Judge Callahan found that Mr. Leistikow's com-

plaint alleged no facts that would explain how the various defendants violated his rights:

Indeed, the body of the complaint does not even mention any of the defendants by name. Instead, the defendants are only named in the caption and in the "list of defendants" attached to the complaint. Moreover, the body of the complaint, in grossly unparticularized fashion, accuses the defendants, as "officers of the court," of "perjury of oath." It vaguely alleges violations of the plaintiff's equal protection rights, due process rights, and generally rights under the Fourth, Fifth, Sixth, Seventh and Fourteenth Amendments and seeks in excess of $10,000,000 in damages.

Magistrate Judge Callahan therefore concluded that it was proper to dismiss the plaintiff complaint for failure to state a claim, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure.

■ Although the Federal Rules of Civil Procedure support a standard of liberal notice pleading, conclusory legal allegations that are unsupported by facts will not successfully refute a motion to dismiss a complaint for failure to state a claim. *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 792 (7th Cir.1996); *Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995); *Nunley v. Kloehn*, 158 F.R.D. 614, 616 (E.D.Wis.1994) ("The complaint, however, must set forth factual allegations adequate to establish the essential elements of his or her claim, ... and legal conclusions lacking adequate support should not be considered."). Looking at Mr. Leistikow's complaint, in addition to all of his subsequent filings, I am convinced that he has not satisfactorily alleged any facts that, if true, would state a claim upon which relief can be granted. Indeed, his complaint consists mainly of generalized statements of the law in the form of neatly typed paragraphs. Magistrate Judge Callahan's conclusion that Mr. Leistikow's complaint is insufficient to withstand a motion to dismiss is certainly not contrary to law. I will therefore dismiss the plaintiff's complaint for failure to state a claim.

Magistrate Judge Callahan also advised the district court to deny the motion of defendants Robin Stowe, Fred Kawalski, David Steger, Ben Baker, Larry Shadick, Jesse Sterling, Tom Masek, Dennis Kruger, Brad Hendricks, Victoria Adamski, and Langlade Count Department of Social Services for Rule 11 sanctions against the plaintiff. These defendants filed a timely objection to this portion of the recommendation. I will therefore review the magistrate judge's recommendation on the Rule 11 motion.

In their motion for sanctions, the defendants argue that Mr. Leistikow has violated Rule 11(b), Federal Rules of Civil Procedure, because his claims are frivolous or because he has presented his complaint for an improper purpose, namely to harass the defendants. In his recommendation, Magistrate Judge Callahan noted that another branch of this court, presided over by Judge Thomas J. Curran, denied a similar motion against the same plaintiff in a different case, relying in part on Mr. Leistikow's pro se status.

■ Pursuant to Rule 11, Federal Rules of Civil Procedure, the signature of an unrepresented party on a pleading certifies that the pleading is not intended to harass or is not frivolous. A court, upon finding that this provision has been violated, must impose sanctions against the violator. *Harlyn Sales Corp. Profit Sharing Plan v. Kemper Fin. Serv., Inc.*, 9 F.3d 1263, 1270 (7th Cir.1993). Nevertheless, in determining whether a pleading is intended to harass or is frivolous, the district court has wide discretion. *Harrison v. Dean Witter Reynolds, Inc.*, 974 F.2d 873, 886 (7th Cir.1992), *cert. denied*, 509 U.S. 904, 113 S.Ct. 2994, 125 L.Ed.2d 688 (1993); *Lerch v. Boyer*, 929 F.Supp. 319, 323–24 (N.D.Ind.1996). One of the factors that I may take into account in making my determination is Mr. Leistikow's pro se status, *Vukadinovich v. McCarthy*, 901 F.2d 1439, 1445 (7th Cir.1990), *cert. denied*, 498 U.S. 1050, 111 S.Ct. 761, 112 L.Ed.2d 780 (1991), but I do still look objectively at his pleadings in resolving the question of whether he violated Rule 11. *Chambers v. American Trans Air, Inc.*, 17 F.3d 998, 1006 (7th Cir.), *cert. denied*, 513 U.S. 1001, 115 S.Ct. 512, 130 L.Ed.2d 419 (1994); *Kapco Mfg. Co. v. C & O Enter., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989).

Other than their boilerplate assertions that the plaintiff has violated Rule 11, both in their original motion and their objection to the magistrate judge's recommendation, the defendants offer the court no assistance in resolving the question of sanctions. That I agree with Magistrate Judge Callahan's conclusion that the plaintiff's complaint does not meet the Rule 12(b)(6) standard does not automatically mean that Mr. Leistikow's claims also fail to pass Rule 11 scrutiny. *See Harlyn*, 9 F.3d at 1270 ("Otherwise Rule 11 sanctions would be imposed whenever a complaint was dismissed, thereby transforming it into a fee shifting statute under which the loser pays."). This is especially true given the fact that Mr. Leistikow is representing himself.

Although the plaintiff's pleadings offer the court no insight into the factual basis for his claim, I am reluctant to find, under all the circumstances, that Mr. Leistikow failed to make an inquiry into the law and the facts consistent with his capacity to do so before signing his pleadings. I am persuaded that the better exercise of discretion is to deny the motion for sanctions.

Because my resolution of the magistrate judge's recommendation on the defendants' dispositive motion to dismiss disposes of this case, I need not address the magistrate judge's recommendation on the plaintiff's motion for default judgment.

Therefore, IT IS ORDERED that Mr. Leistikow's complaint be and hereby is dismissed, without prejudice, for failure to state a claim.

IT IS ALSO ORDERED that the various defendants' motion to impose sanctions upon the plaintiff be and hereby is denied.

IT IS FURTHER ORDERED that the clerk of court be and hereby is directed to dismiss this case, without prejudice.

IT IS FURTHER ORDERED that each side will bear its own costs.